SECOND DIVISION

   December 30, 2004

No. 1-03-3694

AHMAD KAHN, Special Administrator of the Estate of Muhammad Ahmad, a Minor, Deceased; MAHEEN AHMAD, a Minor, by her Father and Next Friend, Ahmad Kahn; and AHMAD KAHN, 

Plaintiffs-Respondents-Appellees, 

v.

ENTERPRISE RENT-A-CAR COMPANY, an Illinois corporation, and DIANE LOPEZ, 

Defendants-Petitioners-Appellants. 

)

)

)

)

)

)

)

)

)

  )

  )

  )

  )

  )

  )

  )

  )

Appeal from the 

Circuit Court of

Cook County.

Honorable

Joseph N. Casciato, 

Judge Presiding.

PRESIDING JUSTICE BURKE delivered the opinion of the court:

Defendants Enterprise Leasing Company of Chicago (Enterprise)
(footnote: 1) and Diane Lopez (Lopez) appeal from an order of the circuit court denying their motion to reconsider the court's denial of their motion to transfer venue in plaintiffs Ahmad Kahn
(footnote: 2) and Maheen Ahmad's negligence action from Cook County to DuPage County on the basis of 
forum non conveniens.
  In accordance with a supervisory order from the Illinois Supreme Court, on April 23, 2004, we granted defendants' petition for leave to appeal pursuant to Supreme Court Rule 306(a)(2).  166 Ill. 2d R. 306(a)(2).  On appeal, defendants contend that the trial court abused its discretion in denying their motion to transfer venue because the private and public interest factors heavily weigh in favor of transferring this case to DuPage County.  For the reasons set forth below, we reverse.

STATEMENT OF FACTS

On February 25, 2003, Ahmad Kahn (Kahn), on his own behalf and as special administrator of the estate of his seven-year-old son Muhammed Ahmad (Muhammed), and Maheen Ahmad (Maheen), a minor represented by Kahn, her father, filed a complaint against Enterprise, an Illinois corporation, and Lopez, an alleged agent of Enterprise.  In the complaint, plaintiffs alleged that on October 19, 2001, Lopez negligently operated a vehicle, owned by Enterprise, at or near 103 West Roosevelt Road in Villa Park, Illinois, which struck and injured both Muhammed and Maheen as they were walking across the street.   Muhammed died as a result of the injuries he sustained.  In counts I through IV, plaintiffs alleged claims based on wrongful death and survival in relation to the injuries sustained by Muhammed.  In counts V and VI, plaintiffs alleged a claim based on "personal injuries" sustained by Maheen.  In counts VII and VIII, plaintiffs sought damages for the expenses incurred in treating Muhammed and Maheen's injuries  pursuant to the Family Expense Act (750 ILCS 65/15 (West 2002)).

On May 7, 2003, defendants filed a motion to transfer the action based on 
forum non conveniens
, arguing that the private and public interest factors strongly favored transfer of the case to DuPage County.  On June 23, plaintiffs filed their answers to 
forum non conveniens
 interrogatories, in which they 
admitted, 
inter alia
: the accident took place in Villa Park, which is located in DuPage County; all of the nine potential witnesses to the accident were residents of DuPage County; plaintiffs and Muhammed were residents of DuPage County; the Villa Park police department personnel were at the scene of the accident following the collision; although not identified individually or by county residency, there were potential medical witnesses from Good Samaritan Hospital (Good Samaritan) in DuPage County, where both Muhammed and Maheen received medical treatment for their injuries, and from Lutheran General Hospital (Lutheran) in Cook County where Muhammed was transferred by air and treated just before his death; and the Deputy Medical Examiner of Cook County conducted Muhammed's postmortem examination, was a potential medical witness, and resided in Cook County.   

On August 20, 2003, plaintiffs filed their response to defendants' motion to transfer, arguing that Cook County had a significant connection to their lawsuit because Muhammed was transferred to Cook County for "emergency treatment," including surgery, on October 19, 2001, died in Cook County on October 20, 2001, and was given postmortem and toxicological analyses by the Cook County medical examiner's office.  Plaintiffs also argued that Enterprise does substantial business in Cook County, that Enterprise maintains numerous business outlets and files lawsuits on a regular basis in Cook County, and that defendants had failed to show that the facts in the case strongly favored transfer to DuPage County.  Plaintiffs also filed an affidavit of their attorney, in which the attorney averred that, upon review of various medical records from Good Samaritan in DuPage County and Lutheran in Cook County, he found that a craniotomy, a postmortem examination, and a toxicologic analysis were performed on Muhammed at Lutheran.  The attorney further averred that the "parties stipulate[d] that Enterprise *** does substantial business in Cook County," and that he received "a computer print-out from the Office of the Clerk of the Circuit Court of Cook County ***, consisting of 59 pages, which demonstrates that Enterprise Rent-A-Car and/or Enterprise Leasing Company of Chicago has filed in excess of 900 cases in the First Municipal District."  

During the hearing on defendants' motion to transfer, defendants' attorney, in arguing that the only relationship between this case and Cook County was the fact that Muhammed was transported to Lutheran and died at Lutheran, stated that "this is not a case where there's a causation issue.  There is no doubt that [Muhammed] died from the injuries sustained in this accident.  We certainly stipulate to that."  
On September 16, the trial court denied defendants' motion to transfer.  On October 14, defendants filed a motion to reconsider, arguing that in light of our supreme court's recent decision in
 Dawdy v. Union Pacific R.R. Co.
, 207 Ill. 2d 167, 797 N.E.2d 687 (2003), the trial court abused its discretion in failing to transfer the case to DuPage County.  The trial court denied defendants' motion to reconsider on November 19, 2003. 

On December 19, defendants filed a petition for leave to appeal to this court pursuant to Supreme Court Rule 306(a)(2) (166 Ill. 2d R. 306(a)(2)), requesting a review of the trial court's order denying their motion to reconsider.  On January 15, 2004, we
 
denied defendants' petition.  In accordance with a supervisory order from the Illinois Supreme Court to consider defendants' petition, on April 23, 2004, we vacated our previous order denying the petition and granted defendants' petition for leave to appeal pursuant to Supreme Court Rule 306(a)(2). 

This appeal followed.

ANALYSIS

Defendants contend that the trial court abused its discretion in refusing to follow our supreme court's decision in 
Dawdy
.  Defendants argue that private and public interest factors strongly favor that the trial of this case be held in DuPage County because: the incident that is the basis for the plaintiffs' cause of action occurred in DuPage County; defendant Lopez and plaintiffs are residents of DuPage County; all of the witnesses to the collision reside in DuPage County; the fact that subsequent medical treatment took place in a chosen forum is not listed by our supreme court in 
Dawdy 
as a factor to consider when conducting a 
forum non conveniens 
analysis, and
, even if it were a proper factor to consider in conducting the analysis, both Muhammed and Maheen received medical treatment at Good Samaritan Hospital in DuPage County as well
;
 the subsequent medical treatment given to Muhammed in Cook County is not relevant to the 
forum non conveniens 
analysis in this case because "there is no dispute as to the necessity or propriety of the medical treatment [Muhammed and Maheen] received after the occurrence at issue," but, rather,
 the dispute in the case at bar centers upon whether Lopez's conduct, which occurred in DuPage County and was witnessed only by DuPage County residents, was negligent; the courts of Cook County are more congested than those of DuPage County; the possibility that the jury may view the scene of the injury weighs in favor of having the trial in DuPage County;
 DuPage County has a strong local interest in this case, whereas Cook County has virtually none; it would be unfair to burden the citizens of Cook County with jury duty; the fact that Cook County and DuPage County are contiguous is of little consequence; the fact that Enterprise does business in Cook County is not dispositive under 
Dawdy 
and should not have been given such substantial weight by the trial court; and plaintiffs' choice of forum in the instant case deserves minimal consideration since plaintiffs do not reside in Cook County and the accident did not occur in Cook County.  

Plaintiffs contend that defendants have failed to show that private and public interest factors strongly favor trial of the instant case in DuPage County because:
 Cook County has an interest in deciding this case locally since Muhammed's action for wrongful death arose in Cook County, where he died; Muhammed was treated with "emergent medical care," including surgery, in Cook County; a postmortem examination was conducted on Muhammed in Cook County;  
Enterprise does substantial business in Cook County; and Enterprise regularly appears as a plaintiff in the Cook County courts
.  Plaintiffs also argue that "[t]here is significant authority establishing that non-elective medical care and/or a wrongful death in the county are significant ties to the county in a 
forum non conveniens 
analysis."

We review the trial court's decision here for an abuse of discretion.  See 
Dawdy
, 207 Ill. 2d at 176 
(the trial court's decision on a 
forum non conveniens
 motion lies within its sound discretion and will not be disturbed absent an abuse of that discretion);
 Stringer v. Packaging Corp. of America
, 351 Ill. App. 3d 1135, 1140, 815 N.E.2d 476 (2004) (the trial court's decision to grant or deny a motion to reconsider lies within its sound discretion)
. 
 "An abuse of discretion will be found where no reasonable person would take the view adopted by the trial court."  
Dawdy
, 207 Ill. 2d at 177.
  In other words, we must determine if the trial court abused its discretion in balancing
 the private and public interest factors discussed in more detail below
.  
Dawdy
, 207 Ill. 2d at 177.
 

Pursuant to section 2-101 of the Code of Civil Procedure, venue lies "in the county of residence of any defendant who is joined in good faith" or "in the county in which the transaction or some part thereof occurred out of which the cause of action arose."  735 ILCS 5/2-101 (West 2000).  When more than one potential forum exists, the equitable doctrine of 
forum non conveniens 
may be invoked to determine the most appropriate forum.
  Dawdy
, 207 Ill. 2d at 171.  Under this doctrine, "the court in which the action was filed [may] decline jurisdiction and direct the lawsuit to an alternative forum that the court determines can better serve the convenience of the parties and the ends of justice."  
Dawdy
, 207 Ill. 2d at 172.  

In ruling upon a 
forum non conveniens 
motion, the court must apply a balancing test of private and public interest factors to determine the appropriate forum.  
Dawdy
, 207 Ill. 2d at 172.  Private interest factors include

"
the convenience of the parties; the relative ease of access to sources of testimonial, documentary, and real evidence; the availability of compulsory process to secure attendance of unwilling witnesses; the cost to obtain attendance of willing witnesses; the possibility of viewing the premises, if appropriate; and all other practical considerations that make a trial easy, expeditious, and inexpensive."
  
Dawdy
, 207 Ill. 2d at 172.

The relevant public interest factors include

"
the administrative difficulties caused when litigation is handled in congested venues instead of being handled at its origin; the unfairness of imposing jury duty upon residents of a county with no connection to the litigation; and the interest in having local controversies decided locally."
  
Dawdy
, 207 Ill. 2d at 173.

"A defendant seeking transfer is not required to show that the plaintiff's choice of forum is inconvenient; rather, transfer is allowed where defendant's choice is the substantially more appropriate forum." 
 
Czarnecki v. Uno-Ven Co.
, 339 Ill. App. 3d 504, 508, 791 N.E.2d 164 (2003)
.  
The trial court must "look at the totality of the circumstances in an effort to determine whether the defendant has proven the factors strongly favor transfer."  
Botello v. Illinois Central R.R. Co., 
348 Ill. App. 3d 445, 456, 809 N.E.2d 
197 (2004).
  
See also 
Dawdy
, 207 Ill. 2d at 176 (stating that ultimately the test is "whether the relevant factors, viewed in their totality, strongly favor transfer to the forum suggested by defendant").  
 

In addition to the above factors, the trial court must "consider the plaintiff's substantial right to choose the forum in which to bring an action."  
Botello
, 348 Ill. App. 3d at 456.  In this regard, 

"[a] plaintiff's right to select the forum is substantial. Unless the factors weigh strongly in favor of transfer, the plaintiff's choice of forum should rarely be disturbed."
  
Dawdy
, 207 Ill. 2d at 173.

However, a plaintiff's choice of forum is not entitled to the same weight or consideration in every case.  Rather, " '[w]hen the home forum has been chosen, it is reasonable to assume that this choice is convenient.' [Citation.]"  
Dawdy
, 207 Ill. 2d at 173.  Likewise, when the plaintiff chooses the forum in which the accident or injury occurred, " 'the choice is convenient because the litigation has the aspect of being "decided at home." ' [Citation.]"
 
 Dawdy
, 207 Ill. 2d at 173.
  Conversely, " '[w]hen the plaintiff is foreign, *** th[e] assumption is much less reasonable.  Because the central purpose of any 
forum non conveniens
 inquiry is to ensure that the trial is convenient, a foreign plaintiff's choice deserves less deference.' [Citation.]"  
Dawdy
, 207 Ill. 2d at 173-74.
  In this instance, "it is reasonable to conclude that the plaintiff engaged in forum shopping to suit his individual interests, a strategy contrary to the purposes behind the venue rules." 
 
Botello
, 348 Ill. App. 3d at 456.  See also 
Dawdy
, 207 Ill. 2d at 174; 
Certain Underwriters at Lloyd's, London v. Illinois Central R.R. Co.
, 329 Ill. App. 3d 189, 196, 768 N.E.2d 779 (2002).  The presumption favoring a plaintiff's choice is also diminished where the injury did not occur in the chosen forum.
  Czarnecki
, 339 Ill. App. 3d at 509.

Two recent cases are instructive on the 
forum non conveniens 
analysis to be undertaken by the courts when considering a defendant's motion to transfer.  In 
Dawdy
, the defendant filed a motion to transfer the plaintiff's lawsuit from Madison County to Macoupin County.  
Dawdy
, 207 Ill. 2d at 
169.  T
he trial court denied the motion to transfer, and the appellate court
 affirmed the trial court's decision.  
Dawdy
, 207 Ill. 2d at 
169.  On appeal, the supreme court reversed, concluding that trial in Macoupin County "would better serve the convenience of the parties and the ends of justice."  
Dawdy
, 207 Ill. 2d at 
177.  
In so holding, the 
Dawdy 
court evaluated the following private interest factors.  

With respect to ease of access to the evidence, the court noted that the accident occurred in Macoupin County, 2 of the potential witnesses lived in Macoupin County, none of the potential witness lived in Madison County,
 most of the 18 potential witnesses lived in counties nearer to Macoupin County than Madison, 4 of the 10 medical witnesses lived in Macoupin County, and the rest of the medical witnesses lived in other counties that were nearer to Macoupin County than Madison.  
Dawdy
,  207 Ill. 2d at 178.  The Court concluded that

"
[b]ecause the location of the accident is in Macoupin County, and the location of the identified witnesses are on a whole closer to Macoupin County than Madison County, these factors slightly weigh in favor of the convenience of Macoupin County over Madison County."  
Dawdy
, 207 Ill. 2d at 178.

The court then noted that another factor, the possibility of viewing the premises, was an important consideration and concluded that "it would be irrational for a jury composed of Madison County residents to travel to Macoupin County to view the accident scene."  
Dawdy
, 207 Ill. 2d at 179.  
Also, regarding the plaintiff's argument that Madison Count was convenient because it adjoined Macoupin County, the court stated that "we cannot accept the contention that trial in an adjacent county is conclusively not inconvenient for a defendant," and that " '[m]ileage is but one factor of convenience.' "  
Dawdy
, 207 Ill. 2d at 180.  Ultimately, the 
Dawdy 
court concluded that the private factors favored transfer to Macoupin County.  
Dawdy
, 207 Ill. 2d at 180.

In evaluating the public interest factors, the court concluded that they "strongly weigh[ed] against Madison County as the appropriate forum in which [the] case should be tried."  
Dawdy
, 207 Ill. 2d at 
181.  
As to congestion, the court stated that "by itself, [this factor] is relatively insignificant" and "is not sufficient to justify transfer of venue when none of the other relevant factors weigh strongly in favor of transfer."  
Dawdy
, 207 Ill. 2d at 
181.  
However, the court further stated that "it is appropriate to consider the congested conditions of the docket in the plaintiff's chosen forum."  
Dawdy
, 207 Ill. 2d at 
181.  
After reviewing the annual report of the Administrative Office of the Illinois Courts, the court found that the statistics demonstrated that Madison County's congestion was a great concern.  
Dawdy
, 207 Ill. 2d at 181.  With respect to "local interest in local controversies," the court first noted:

"Merely conducting business, or maintaining a post office box, in Madison County does not affect the 
forum non conveniens 
issue.  It is assumed on a
 forum non conveniens 
motion that the plaintiff's chosen forum is a proper venue for the action.  If [the corporate defendant] did no business in Madison County, that county would have been an improper venue for the case."  
Dawdy
, 207 Ill. 2d at 182.

The court then found that

"the accident occurred in Macoupin County and not Madison County.  Neither plaintiff nor [the defendant] reside in Madison County. Although some of the witnesses may work in Madison County, there is little else connecting them to Madison County.  Clearly, Madison County has little or no interest in trying the action of a nonresident whose 
claim arose in Macoupin County."  
Dawdy
, 207 Ill. 2d at 
183.

The 
Dawdy 
court then found that, conversely,

"Macoupin County has a strong connection with and interest in this action.  In addition to [the defendant], some of the witnesses reside in Macoupin County.  Most significantly, the fact that the accident occurred in Macoupin County gives the action a local interest."  
Dawdy
, 207 Ill. 2d at 
181.

Lastly, with respect to jury duty, 
the court stated that because the accident occurred in Macoupin County, this gave that county "a significant interest in the dispute and, therefore, it would not be unfair to burden the residents thereof with jury duty in this case," but that it would be unfair to burden the residents of Madison County with jury duty given the fact that the action did not arise in, and has no relation to, their county."
 
 Dawdy
, 207 Ill. 2d at 
183. 
 
Ultimately, the 
Dawdy
 court concluded that "the weight of the private interests favor Macoupin County" and "[t]he weight of the public interest factors greatly favors Macoupin County."  
Dawdy
, 207 Ill. 2d at 
184.  
The court further noted that "the deference to plaintiff's choice of Madison County is reduced because he does not reside there and the action did not arise there."    
Dawdy
, 207 Ill. 2d at 
184.  
Accordingly, the 
Dawdy
 court concluded that the trial court had abused its discretion in denying the defendant's motion to transfer.  
Dawdy
, 207 Ill. 2d at 
185.

Similarly, in 
Botello,
 the appellate court reversed the trial court's order denying the defendant's motion to transfer the plaintiff's lawsuit from Cook County to DuPage County.  In evaluating the private factors, the 
Botello
 court noted that the majority of occurrence witnesses were from DuPage County, all of whom were busy professionals.  
Botello
, 348 Ill. App. 3d 
at 456.  
According to the 
Botello
 court, a trial in DuPage County would increase the convenience to the witnesses by significantly shortening their travel times.  
Botello
, 348 Ill. App. 3d 
at 
456.  
Also, because of the increased convenience to the witnesses, the convenience to the parties would increase by making the witnesses more readily available to testify in court.
   
It was significant to the 
Botello
 court that the plaintiff had not identified any witnesses from Cook County.
 
 Botello
, 348 Ill. App. 3d 
at 
456-57.  
The court then noted that the other three potential witnesses were Iowa residents, which was also closer to DuPage County. 
 
Botello
, 348 Ill. App. 3d 
at 
457.  
With respect to sources of proof, the court noted that although the record was devoid of any information in this regard, because the witnesses were in DuPage County, "it stands to reason that the location of the sources of proof and the location of witnesses is one and the same."
  
Botello
, 348 Ill. App. 3d 
at 
457.  
The 
Botello
 court next noted that the accident and injury occurred in DuPage County and, if it was necessary to view the site, it would be more expeditious to do so from the DuPage courthouse.
  
Botello
, 348 Ill. App. 3d 
at 
457.  

With respect to public interest factors, the 
Botello
 court believed it was of great importance what effect a trial would have on the Cook County courts and community that would be burdened financially in furnishing a forum.
  
Botello
, 348 Ill. App. 3d 
at 
458-59.  
With respect to local interest, the 
Botello
 court concluded that if the train tracks on which the accident occurred were found to be unsafe, the residents of DuPage County would have a strong connection and interest in this finding.  
Botello
, 348 Ill. App. 3d 
at 
459.  
Specifically, DuPage County had a strong interest in ensuring the safety of the tracks and its residents. Lastly, the 
Botello
 court noted that the Cook County courts are more congested than the courts in DuPage County.  
Botello
, 348 Ill. App. 3d 
at 459.  
The 
Botello
 court ultimately remanded the cause for additional proofs on the defendant's motion to transfer based on issues not relevant here.
  
Botello
, 348 Ill. App. 3d 
at 460.  

Before addressing the application of the above relevant factors to the instant case, we find plaintiffs' contention, that Enterprise’s status as a plaintiff in previous lawsuits filed in Cook County is a factor to be considered when determining whether the case should be transferred based on the doctrine of 
forum non conveniens
, lacks merit.  First, the 
Dawdy 
Court, in reviewing the 
forum non conveniens 
analysis and the several factors relevant to such, never stated that such a factor could be considered in the analysis.  Second, plaintiffs have cited no case law in support of their argument that previous lawsuits filed by a defendant in a plaintiff's chosen forum is a factor to consider when determining whether to transfer a case based on the doctrine of 
forum non conveniens
.  
"Bare contentions in the absence of argument or citation of authority do not merit consideration on appeal and are deemed waived."  
Obert v. Saville
, 253 Ill. App. 3d 677, 682, 624 N.E.2d 928 (1993).  
Accordingly, we do not consider plaintiff's proof of the lawsuits filed by Enterprise in Cook County.

In applying the above relevant factors to the instant case, 
we 
find that the trial court abused its discretion in denying defendants' motion to reconsider its order denying defendants' motion to transfer plaintiffs' lawsuit to DuPage County.  First, although we acknowledge that plaintiffs have a substantial right to choose the forum in which they wish to bring their action, their right
 in the instant case is not entitled to the same weight or consideration because their choice of forum, Cook County, is not where the accident complained of occurred or where plaintiffs reside.  Thus, the presumption favoring plaintiffs' choice of forum is diminished in the instant case. 
 

With respect to the relevant private interest factors, we note that the accident occurred at or near 103 West Roosevelt Road in DuPage County.
 
 P
laintiffs admitted in their answers to the 
forum non conveniens 
interrogatories that they, the decedent, Lopez and all named witnesses to the accident reside in DuPage County.  Thus, both the accident and the identified witnesses were located in DuPage County, and, based on 
Dawdy
, are factors that weigh in favor of the convenience of DuPage County over Cook County.  
Plaintiffs also admitted in their answers to the 
forum non conveniens 
interrogatories that personnel of the Villa Park police department, in DuPage County, were called to the scene of the accident, which further weighs in favor of the convenience of DuPage County. 
 In addition, conducting a trial in DuPage County would increase the convenience to the parties by shortening the travel times of their identified witnesses, all of whom are DuPage residents, making the witnesses more readily available to testify in court.  Thus, the relative ease of access to real and testimonial evidence concerning the accident favors the convenience of DuPage County.  Further, the possibility of the jury viewing 
the intersection 
where the accident occurred, 
at or near 103 West Roosevelt Road in DuPage County, 
in determining whether Lopez negligently operated the vehicle that struck Muhammed and Maheen, is an important consideration in this action, and obviously weighs in favor of the convenience of DuPage County.  Moreover, and 
as stated in 
Dawdy
, we cannot accept the contention that trial in the adjacent Cook County is, by itself, conclusively not inconvenient.  Accordingly, we find that the private interest factors strongly favor transfer of plaintiffs' lawsuit to DuPage County.

In finding that the private interest factors strongly favor transfer to DuPage County, we note that, with respect to the private interest factor concerning the location of the accident, plaintiffs argue that, although the collision occurred in DuPage County, portions of the wrongful death action arose in Cook County because Muhammed was transferred to Lutheran in Cook County and treated there before he died hours later, and should weigh in favor of the convenience of Cook County.  According to plaintiffs, "[t]here is significant authority establishing that non-elective medical care and/or a wrongful death in the county are significant ties to the county in a
 forum non conveniens 
analysis."  

While it is true, in a wrongful death action,
 the fact that the death occurred
 in a particular forum is
 considered by the courts when determining 
whether venue is proper 
in that particular county (see
 Bradbury v. St. Mary's Hospital of Kankakee
, 273 Ill. App. 3d 555, 558, 652 N.E.2d 1228 (1995)
 (since venue is proper where some part of the transaction occurred out of which the cause of action arose, in a wrongful death action where death is an element of such action, venue is proper where the wrongful death occurred)), we note, as the 
Dawdy 
Court stated,
 a "
forum non conveniens 
motion causes a court to look 
beyond the criteria of venue
 when it considers the relative convenience of a forum."  (Emphasis added).  
Dawdy
, 207 Ill. 2d at 182.  Therefore, although Muhammed's death in Cook County makes Cook County a proper forum, that fact, by itself, should not be considered when determining the relative convenience of the forum. 

Thus, the only apparent impact that Muhammed's transfer to Lutheran in Cook County would have on the 
forum non conveniens 
analysis is the impact on the relative ease of access to the evidence of Muhammed's death and the expense incurred at the hospital.  In this respect, two things should be noted.  First, while evidence of Muhammed's death and the expenses incurred will be relevant to his action, the major issue to be determined in this case is whether Lopez was negligent in striking Muhammed and Maheen while they were crossing the intersection in DuPage County.  The only relationship between this case and Cook County is the fact that Muhammed, 
and only Muhammed
, was transferred to Lutheran and died at Lutheran shortly thereafter.  During the hearing on the motion to transfer venue, defendants stipulated that there was "no doubt that [Muhammed] died from the injuries sustained in this accident."  As a result, even though venue in both counties is proper because portions of the cause of action took place in both, plaintiffs here have misplaced the focus in this case by focusing on Cook County.  Rather, the focus of this case is upon the events that occurred at the Roosevelt intersection in DuPage County.  See 
Allee v. Myers
, 349 Ill. App. 3d  596, 606, 812 N.E.2d 522 (2004) (in reversing the trial court's decision to deny the defendants' motion to transfer venue based on the doctrine of 
forum non conveniens
, the 
Allee 
court noted that, although the location of the incident arguably occurred in both Stephenson County and Cook County because the victim was sexually assaulted in both counties, the plaintiffs misplaced the focus by concentrating on the sexual assaults, when the focus should have been upon the defendants' conduct in connection with the premises owned by them since that was the basis of the plaintiffs' negligence claim against the defendants).  

Second, and unlike the specific names and addresses set forth by plaintiffs of the potential witnesses to the accident on 
Roosevelt Road,
 plaintiffs, with the exception of setting forth the name and address of the Cook County Deputy Medical Examiner, failed to set forth any names or addresses of any of the alleged potential medical witnesses concerning Muhammed's death or the expense incurred at the hospital.  See 
Botello
, 348 Ill. App. 3d  at 456-57 (in reviewing the trial court's decision to deny the defendant's motion to transfer based on the doctrine of
 forum non conveniens
, the court found the fact that the plaintiff had not identified any witnesses from his chosen forum significant in the
 forum non conveniens 
analysis
, and thus favored transfer to the other forum).  Plaintiffs further failed to include what facts these witnesses would testify to either in general or in detail.  However, it is logical to assume that those witnesses' testimony would relate to Muhammed's subsequent treatment and death, which, as stated above, is not at the heart of the issue in this negligence action, and, accordingly, we find that plaintiffs' offer of nonspecified potential Cook County witnesses is not a factor that favors Cook County in the 
forum non conveniens 
analysis.  See 
Allee
, 349 Ill. App. 3d at 606-07 (where the plaintiffs identified four Cook County witnesses, but failed to include what facts those witnesses would testify to either in general or in any detail, and it was logical to assume that those witnesses would testify as to conduct relating to the codefendant's conduct, rather than to the defendant's conduct, that factor did not favor Cook County in the 
forum non conveniens 
analysis).

We lastly note that, with respect to considering the private interest factors applicable in the instant case, plaintiffs' reliance on 
Prouty v. Advocate Health and Hospitals Corp.
, 348 Ill. App. 3d 490, 810 N.E.2d 173 (2004)
, Chung v. Advocate Health Care
, 336 Ill. App. 3d 789, 784 N.E.2d 323 (2002), 
Smith v. Silver Cross Hospital
, 312 Ill. App. 3d 210, 726 N.E.2d 697 (2000), 
and 
Bradbury
, in support of their contention that "non-elective medical care and/or a wrongful death in the county are significant ties to the county in a
 forum non conveniens 
analysis," 
is misplaced.  All of the above cases cited by plaintiffs involved actions for medical malpractice or medical negligence, in which the testimonies of the subsequent doctors treating the plaintiffs were extensive and necessary to establish that the defendant doctors were negligent in their prior care of the plaintiffs.  Such extensive testimony of Lutheran's personnel will not be necessary to establish the negligence of Lopez in driving her vehicle.  Additionally, e
ach of the cases relied upon by plaintiffs contained additional factors that favored the plaintiff's chosen forum which are not present in the instant case
.
  See, 
e.g.
, 
Prouty
, 348 Ill. App. 3d at 496 (the trial court did not abuse its discretion in denying the motion to transfer venue to Lake County where, in a medical malpractice action, and although the alleged malpractice occurred in Lake County, the 
witnesses were dispersed 
fairly among Lake County and the chosen forum and the patient stayed in the pediatric intensive care unit in the chosen forum for 
two weeks 
after the alleged malpractice (emphasis added))
;
 Bradbury
, 273 Ill. App. 3d at 560 (the motion to transfer venue was properly denied in a wrongful death action against the defendants based on medical negligence where the plaintiff submitted an affidavit in which she averred that "
13 named 
doctors and nurses [from the chosen forum] played significant roles in the decedent's care and should be considered likely trial witnesses" (emphasis added))
.  Thus, the cases relied upon by plaintiffs are distinguishable. 
 
Accordingly, we find that the weight of the private interest factors
 strongly favor transferring this case to DuPage County.

With respect to the public interest factors, the congestion of the Cook County courts, although not entitled to substantial weight, 
is a great concern.  The 2001 statistics from the Administrative Office of the Illinois Courts, of which we may take judicial notice (
Dawdy
, 207 Ill. 2d at 181), showed that there were 535 jury verdicts for over $50,000 in Cook County, averaging 38.1 months from filing to verdict.  In comparison, DuPage County had only 49 such cases, averaging only 28.2 months from filing to verdict.  Thus, there is an appreciable difference in congestion between the two counties, and DuPage County would resolve plaintiffs' case more quickly.  

With respect to local interest, we reject plaintiffs' argument that the fact that Enterprise does business in Cook County favors plaintiffs’ choice of forum here because the 
Dawdy 
Court expressly rejected the contention that a corporate defendant doing business in the chosen forum affects the 
forum non conveniens
 issue.  As stated in 
Dawdy
, "[a] 
forum non conveniens 
motion causes a court to look 
beyond the criteria of venue
[,] [
i.e.
, beyond the criteria of whether a corporate defendant is doing business in the chosen forum for venue purposes] when it considers the relative convenience of a forum."  (Emphasis added).  
Dawdy
, 207 Ill. 2d at 182.  Rather, 
we find that DuPage County has a strong connection to the issue presented here, namely, whether Lopez was negligent when she collided with Muhammed and Maheen at the intersection in DuPage County.  Clearly, DuPage County, and not Cook County, has an interest in the safety of DuPage County's streets, intersections, and drivers.  Moreover, DuPage County has a local interest here because plaintiffs, at least one defendant, and all witnesses to the accident reside in DuPage County.  Cook County has little or no interest in trying the action of a nonresident whose claim is based on negligence occurring in another county.  Although plaintiffs argue that Cook County has a strong connection because Muhammed was treated for his injuries and died in Cook County, again, this factor is essentially irrelevant to Lopez's alleged negligence in striking Muhammed and Maheen.  Additionally, with respect to jury duty, it would be unfair to burden Cook County jurors with determining whether defendants were negligent in connection with the collision in DuPage County.  Accordingly, we find that the public interest factors strongly favor transfer to DuPage County. 

Because both the private and public interest factors strongly favor transfer to DuPage County, we find that the trial court abused its discretion in denying defendants' motion to reconsider its denial of their motion to transfer venue from Cook County to DuPage County based upon the doctrine of 
forum non conveniens
. 

CONCLUSION

For the reasons stated, we reverse the judgment of the circuit court of Cook County.

Reversed.

WOLFSON and GARCIA, JJ., concur.

FOOTNOTES
1:
According to Enterprise's brief, the company was incorrectly sued as Enterprise Rent-A-Car Company. 

2:
We note that plaintiff Ahmad Kahn's last name is spelled both as "Kahn" and "Khan" on documents in the record.  As a result, we have chosen to spell his name consistent with plaintiffs' complaint.  Further, since defendants have not properly titled the caption in this case, we have corrected it.