THIRD DIVISION
February 27, 2008

No. 1-07-1666

| | | |
|---|---|---|
| SHALA AMMERMAN, | ) | |
| | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| | ) | Cook County. |
| v. | ) | |
| | ) | |
| THE RAYMOND CORPORATION, | ) | |
| | ) | |
| Defendant-Appellant | ) | |
| | ) | No. 06L10862 |
| | ) | |
| (Caterpillar, Inc., | ) | |
| | ) | |
| Defendant; | ) | |
| | ) | The Honorable |
| XPAC, | ) | Elizabeth Budzinski, |
| | ) | Judge Presiding. |
| Third-Party Defendant). | ) | |

JUSTICE GREIMAN delivered the opinion of the court:

Raymond Corporation (Raymond), one of the named defendants in plaintiff Shala Ammerman's products liability and negligence action, appeals from a trial court order denying its motion to transfer the case pursuant to the doctrine of forum non conveniens. On appeal, Raymond asserts that the trial court's order constitutes an abuse of discretion because the private and public interest factors used in forum non conveniens analysis strongly support the conclusion that the case should be tried in Kane County, rather than Cook County, where Ammerman filed suit. We affirm.

On October 19, 2004, Ammerman, a resident of Kendall County, and a former employee of Export Packaging Company (Export Packaging), located in Kane County, suffered permanent injuries resulting in the amputation of her left leg, following an accident that occurred while she operated a forklift during the scope of her employment. Immediately following her accident, Ammerman was treated by members of the Oswego fire department, located in Kendall County, and the Montgomery police department, located in Kane County. Thereafter, she received medical treatment at the Rush-Copley Medical Center and the Dryer Medical Clinic, both of which are located in Aurora, Illinois, which is part of Kane County. However, Ammerman received the majority of her medical treatment at the Loyola Medical Center in Maywood, Illinois, which is part of Cook County. She remained at Loyola Medical Center from October 19, 2004, to November 18, 2004, and underwent six different surgeries.

On October 16, 2006, Ammerman filed a complaint in Cook County naming Raymond and Caterpillar, Inc. (Caterpillar), as defendants.[1] In her complaint, she advanced a products liability claim sounding in strict liability and negligence against Raymond, the manufacturer of the forklift that allegedly caused her accident. Specifically, Ammerman's complaint alleged that the forklift "was not reasonably safe in the design and manufacture," because it lacked adequate safety devices and, as a result was "unreasonably dangerous." The complaint further alleged that Raymond had a duty to design and manufacture safe forklifts and that Raymond knew or should have known that the forklift that caused her accident was unreasonably dangerous. Ammerman

---

[1]XPAC was subsequently introduced to the litigation as a third-party defendant. However, the record does not contain any information about XPAC or the circumstances pursuant to which it was brought in as a third-party defendant.

also asserted a negligence claim against Caterpillar, the company that purportedly leased the defectively designed and manufactured forklift to Export Packaging, her employer. Specifically, Ammerman alleged that Caterpillar had a duty to ensure that the forklifts it leased were reasonably safe and that it breached its duty when it leased the defective forklift to Export Packaging because Caterpillar knew or should have known that the device was unreasonably dangerous.

Raymond is a New York corporation that regularly conducts business in Cook County. Caterpillar is a Delaware corporation that maintains a registered agent in Cook County and its headquarters in Peoria County.

On November 20, 2006, Raymond filed its answer as well as various affirmative defenses, citing principles of contributory negligence and assumption of risk.

Thereafter, the parties commenced limited discovery wherein various persons with potentially relevant knowledge pertaining to Ammerman's accident were revealed. These persons included: (1) Joe Peaches, the single eyewitness to Ammerman's accident identified in the "Supervisor's Incident Investigation Report," who resides in Sugar Grove, Illinois, located in Kane County; (2) Mike Schiltz, the individual who investigated Ammerman's accident, who resides in Plano, Illinois, which is part of Kendall County; (3) Robert Kerley, who trained Ammerman at Export Packaging, and who resides in Mount Carroll, Illinois, located in Carroll County; (4) Sharon Anderson, another individual who trained Ammerman, who resides in Milan, Illinois, which is part of Rock Island County; (5) Elaine Rennert, Export Packaging's human resource associate who prepared Export's "First Report of Injury or Illness" on Ammerman's

accident, and resides in Montpelier, Iowa; (6) Shane Edwards, Ammerman's former supervisor at Export Packaging, who resides in Spring Valley, Illinois, located in Bureau County; and (7) Steve Timmons, who reviewed the supervisor's incident report, and resides in Pleasant Valley, Iowa.

In addition to these specific individuals, the parties identified various other unnamed persons who likely have relevant knowledge pertaining to Ammerman's accident, including: (1) members of the Montgomery police department located in Kane County; (2) members of the Oswego fire department, located in Oswego, Illinois, part of Kendall County; (3) employees of the Rush-Copley Medical Center, located in Aurora, Illinois, part of Kane County; (4) employees of the Dreyer Medical Clinic, also located in Aurora, Illinois; and (5) medical personnel from Loyola Medical Center, located in Maywood, Illinois, part of Cook County.

On February 19, 2007, Raymond filed a motion in the trial court seeking to transfer the case from Cook County to Kane County pursuant to the doctrine of forum non conveniens. In its motion, Raymond asserted that the private and public interest factors used in forum non conveniens analysis strongly weighed in favor of transfer. With respect to the private interest factors, Raymond argued that: all of the parties would be inconvenienced if forced to litigate in Cook County because none of the parties reside within Cook County; trial in Kane County would facilitate the parties' access to evidence because the accident occurred in Kane County and the sole eyewitness to Ammerman's accident resides in Kane County; and all of the other witnesses, except for Ammerman's medical care providers from Loyola Medical Center, reside outside Cook County. With respect to the public interest factors, Raymond maintained that: Cook

County had no interest in resolving a controversy involving a Kendall County plaintiff who suffered an accident in Kane County, whereas Kane County's interest in resolving the dispute was substantial; it would be unfair for Cook County jurors, with no local interest in the controversy, to be required to resolve the dispute; and "it made little administrative or financial sense to add another case to Cook County's congested docket." Accordingly, because Ammerman's choice of forum was entitled to less deference due to the fact that she filed suit in a county different from that in which she resided or where the cause of action arose, and the private and public interest factors weighed strongly in favor of transfer from Cook County to Kane County, Raymond urged the trial court to grant its motion to transfer.

In response, Ammerman argued that Raymond's motion to transfer should be denied because the private and public interest factors did not strongly weigh in favor of transfer. Specifically, Ammerman disputed Raymond's evaluation of the private interest factors and argued that: litigating the current dispute in Cook County would be more convenient to the defendants because both are based out of state and will likely have to utilize one of Illinois' two major airports to travel to Illinois, both of which are located in Cook County; litigation in Cook County would not render it difficult to obtain evidence because the relevant documents could be easily copied and transported and a jury view would not be necessary; and Cook County is the most "easily accessible, central location" in this case because relevant witnesses are scattered in various counties throughout Illinois and Iowa. Ammerman also disputed Raymond's evaluation of the public interest factors and argued that: Cook County had a substantial connection to the case because both Raymond and Caterpillar conduct business in Cook County, and thus a Cook

5

County jury would have an interest in resolving the dispute; and there was no evidence that Cook County was a more congested forum than Kane County. Accordingly, because her forum choice was entitled to deference and neither the private nor the public interest factors strongly favored transfer of the case from Cook County to Kane County, Ammerman urged the trial court to deny Raymond's motion.

The trial court subsequently conducted a hearing on Raymond's motion, the transcripts of which are not in the record. Thereafter, the trial court issued a written order denying Raymond's motion to transfer "for the reasons stated in open court."

Following the trial court's denial of its motion to transfer, Raymond filed a petition for leave to appeal to this court pursuant to Supreme Court Rule 306(a)(2) (166 Ill. 2d R. 306(a)(2)), requesting review of the trial court's order. We granted Raymond's petition and this appeal follows.

On appeal, Raymond contends that the trial court abused its discretion in denying its motion to transfer based on the doctrine of forum non conveniens. Specifically, Raymond asserts that the private and public interest factors used in forum non conveniens analysis strongly support the conclusion that this case should be transferred to Kane County.

The decision to grant or deny a motion to transfer based on the doctrine of forum non conveniens lies within the sound discretion of the trial court. Langenhorst v. Norfolk Southern Ry Co., 219 Ill. 2d 430, 441-42 (2006); Dawdy v. Union Pacific R.R. Co., 207 Ill. 2d 167, 177 (2003). Accordingly, a reviewing court will uphold the trial court's decision on such a motion absent an abuse of discretion. Langenhorst, 219 Ill. 2d at 442; First American Bank v. Guerine,

1-07-1666

198 Ill. 2d 511, 515 (2002). An abuse of discretion exists where no reasonable person would adopt the view taken by the trial court. Langenhorst, 219 Ill. 2d at 442.

Section 2-101 of the Illinois Code of Civil Procedure (Code) provides that a plaintiff must commence action in either the county in which any defendant, joined in good faith, is a resident or the county in which the cause of action arose. 735 ILCS 5/2-101 (West 2006). Section 2-102 of the Code further provides that a corporation is deemed to be a resident for purposes of venue "of any county in which it has its registered office or other office or is doing business." 735 ILCS 5/2-102(a) (West 2006). The purpose of the Illinois venue provision is to " 'insure that the action will be brought either in a location convenient to the defendant, by providing for venue in the county of residence, or convenient to potential witnesses by allowing for venue where the cause of action arose.' " Langenhorst, 219 Ill. 2d at 441, quoting Baltimore & Ohio R.R. Co. v. Mosele, 67 Ill. 2d 321, 328 (1977). When more than one appropriate forum exists, a defendant may invoke the doctrine of forum non conveniens to transfer the case to the most appropriate forum. 134 Ill. 2d R. 187; Dawdy, 207 Ill. 2d at 171.

Forum non conveniens is an equitable doctrine "based on considerations of fundamental fairness and sensible and effective judicial administration." Dawdy, 207 Ill. 2d at 171; see also Guerine, 198 Ill. 2d at 515, quoting Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 507, 91 L. Ed. 1055, 1062, 67 S. Ct. 839, 842 (1947) (" 'The principle of forum non conveniens is simply that a court may resist imposition upon its jurisdiction even when jurisdiction is authorised by the letter of a general venue statute' "). A defendant may invoke this doctrine to transfer a case from a county in Illinois to a county in a different state (interstate transfer) or to transfer a case from one county

7

in Illinois to another Illinois county (intrastate transfer). Dawdy, 207 Ill. 2d at 176; Peile v. Skelgas, Inc., 163 Ill. 2d 323, 335 (1994). In ruling on a motion to transfer pursuant to forum non conveniens, a court must balance the private and public interests factors enumerated by our supreme court. Langenhorst, 219 Ill. 2d at 443-44.

The private interest factors include: " '(1) the convenience of the parties; (2) the relative ease of access to sources of testimonial, documentary, and real evidence; and (3) all other practical problems that make trial of a case easy, expeditious, and inexpensive.' " Langenhorst, 219 Ill. 2d at 443, quoting Guerine, 198 Ill. 2d at 516.

The public interest factors, on the other hand, include: "(1) the interest in deciding controversies locally; (2) the unfairness of imposing trial expense and the burden of jury duty on residents of a forum that has little connection to the litigation; and (3) the administrative difficulties presented by adding litigation to already congested court dockets." Langenhorst, 219 Ill. 2d at 443-44.

In balancing the private and public interest factors, the court must keep in mind that no single factor is controlling. See Langenhorst, 219 Ill. 2d at 443 ("In deciding a forum non conveniens motion, a court must consider all of the relevant factors, without emphasizing any one factor"). Moreover, the private and public interest factors must be analyzed together in connection with the total circumstances of the case and are not to be weighed against each other. Langenhorst, 219 Ill. 2d at 444; Lambert v. Goodyear Tire & Rubber Co., 332 Ill. App. 3d 373, 378-79 (2002).

In addition to balancing these private and public interest factors, the court must also

1-07-1666

afford deference to the plaintiff's choice of forum because she has a "substantial" right to select her forum. Dawdy, 207 Ill. 2d at 173; see also Guerine, 198 Ill. 2d at 521 (recognizing that "the battle over forum begins with plaintiff's choice already in the lead"). Nonetheless, courts have recognized that where, as here, the plaintiff's chosen forum is neither the county in which she resides nor the county in which the cause of action arose, her choice is entitled to less deference. Langenhorst, 219 Ill. 2d at 448; Dawdy, 207 Ill. 2d at 173-74; Smith, 371 Ill. App. 3d at 34. However, the supreme court has cautioned that in such circumstances " 'the deference to be accorded is only *less*, as opposed to *none*.' " (Emphases in original.) Guerine, 198 Ill. 2d at 518, quoting Elling v. State Farm Mutual Automobile Insurance Co., 291 Ill. App. 3d 311, 318 (1997). Ultimately, transfer should only be allowed in "exceptional circumstances" (Langenhorst, 219 Ill. 2d at 442), and unless the balance of the relevant factors "strongly" favors the defendant, the plaintiff's forum choice should "rarely" be disturbed (Dawdy, 207 Ill. 2d at 173; Guerine, 198 Ill. 2d at 516).

Although forum non conveniens claims are adjudicated on a case-by-case basis with the results heavily dependent upon the facts of each case (see Gridley v. State Farm Mutual Automobile Insurance Co., 217 Ill. 2d 158, 168 (2005)), several principles have evolved from forum non conveniens jurisprudence. One such principle is that when potential trial witnesses are scattered among various counties and various states, the litigation in question has a connection to several forums and a trial court does not abuse its discretion in denying a defendant's motion to transfer on the basis of forum non conveniens. Langenhorst, 219 Ill. 2d at 453; Berry v. Electrolux Home Products, Inc., 352 Ill. App. 3d 731, 735 (2004).

9

1-07-1666

For example, in Langenhorst, the most recent supreme court case addressing a forum non conveniens claim, the supreme court applied the aforementioned principle and affirmed the trial court's order denying the motion to transfer. In that case, a widow who resided in Clinton County filed a wrongful death action in adjacent St. Clair County after her husband was struck by a train and killed in Clinton County. The train had been manufactured by a corporation domiciled in Virginia that maintained a registered agent in St. Clair County. The complaint was asserted against the Virginia corporation as well as the conductor and engineer of the train, both of whom were residents of Indiana. Following the accident, the plaintiff's husband received medical treatment in Clinton County, by two doctors, neither of whom resided in Clinton County, and the autopsy was later performed in Missouri. Fire departments from Clinton County responded to the accident and the Clinton County sheriff's department prepared the accident report. A St. Clair resident investigated the accident as did the Illinois Commerce Commission Transportation Division, located in Springfield, Illinois, part of Sangamon County. The defendants filed a motion to transfer the case to Clinton County, the county in which the plaintiff resided and the accident occurred, which the trial court denied. Langenhorst, 219 Ill. 2d at 433-39.

In reviewing the defendants' motion, the supreme court noted that although the plaintiff's forum was entitled to less deference, the defendants failed to show that the private and public interest factors strongly weighed in favor of transfer. In evaluating the private interest factors, the court noted that although some witnesses resided in Clinton County, "most of the trial witnesses were disbursed among several counties" in Illinois as well as in two additional states.

10

Langenhorst, 219 Ill. 2d at 449. Moreover, the court found it significant that the defendants provided no affidavits reflecting that trial in St. Clair County was inconvenient for any of the witnesses. Langenhorst, 219 Ill. 2d at 450. The court also noted the fact that the accident occurred in Clinton County, though relevant, was not of overriding importance because a jury view of the accident site would not be appropriate due to the fact that the site of the accident had been altered following the accident. Langenhorst, 219 Ill. 2d at 448-49.

In evaluating the public interest factors, the Langenhorst court found that the defendants failed to show that St. Clair County had no connection to the litigation, especially since the corporate defendant maintained a registered agent in that county and was thus a resident. Langenhorst, 219 Ill. 3d at 451. Moreover, it deemed docket congestion relatively insignificant and noted that the defendants failed to show that the case would be resolved more quickly in Clinton County than in St. Clair County. Langenhorst, 219 Ill. 2d at 451-52. Accordingly, the court found that the defendants failed to meet their burden of showing that the relevant factors strongly favored transfer and held that "the trial court did not abuse its discretion in denying an intrastate *** motion to transfer the case to an adjacent county when, as here, most of the potential trial witnesses are scattered and no single county enjoys a predominant connection to the litigation." Langenhorst, 219 Ill. 2d at 453.

Another important principle guiding forum non conveniens review is that in cases where the primary issue centers around a products liability claim, the site of the accident caused by the allegedly defective product is less important because any local interest is largely supplanted by a more general interest in resolving a claim concerning an allegedly defective product and jury

11

1-07-1666

views of the accident site are generally unnecessary. See, e.g., Brown v. Cottrell, Inc., 374 Ill. App. 3d 525, 534 (2007) (noting that products liability claims "are not inherently local in flavor" and finding that a jury view of the accident site was not warranted); Woodward v. Bridgestone/Firestone, Inc., 368 Ill. App. 3d 827, 836 (2006), quoting Hefner v. Owens-Corning Fiberglass Corp., 276 Ill. App. 3d 1099, 1106 (1995) (recognizing that "while the forum where the injury occurred 'generally has a strong interest in the outcome of litigation, this general rule does not necessarily apply to cases involving complex products liability issues' "); Hinshaw v. Coachmen Industries, Inc., 319 Ill. App. 3d 269, 278 (2001) (finding that due to the inherent nature of products liability claims "any local interest *** is largely supplanted by a more general interest in the safety" of the allegedly defective product and that the importance of a jury view was "diminished").

Guerine is the most recent supreme court case discussing and applying this principle. In Guerine, a Kane County resident was killed when her car was struck by a trailer that had detached from a Cook County resident's car. The accident occurred in DeKalb County and was investigated by DeKalb County police. Various witnesses were identified. One of the witnesses resided in Cook County, while others resided in DeKalb and DuPage Counties. The decedent's family, residents of Kane County, and the executor of the estate, filed a complaint in Cook County against the driver of the other vehicle and the Indiana corporation that manufactured the allegedly defective trailer. The manufacturer filed a motion to transfer the case from Cook County to DeKalb County, where the accident occurred. The court found that the accident had no connection to Cook County and that transfer was warranted. The plaintiffs appealed.

12

1-07-1666

Guerine, 198 Ill. 2d at 512-14.

In reviewing the private interest factors, the supreme court noted that the potential trial witnesses were disbursed among various counties in Illinois and that several of the witnesses had filed affidavits reflecting that trial in Cook County would not prove inconvenient. Guerine, 198 Ill. 2d at 524-25. Moreover, the court "fail[ed] to see how a jury view of the accident will be necessary" to resolve the plaintiffs' products liability claim. Guerine, 198 Ill. 2d at 525. In addressing the public interest factors, the court recognized that DeKalb County had a legitimate connection to the litigation because the accident occurred there, but noted that the interest in the plaintiffs' products liability claim was necessarily "less localized," due to the nature of such claims. Guerine, 198 Ill. 2d at 525. Moreover, the court noted that one of the defendants resided in Cook County. Guerine, 198 Ill. 2d at 525. After reiterating that the private and public interest factors must strongly weigh in favor of transfer before a plaintiff may be deprived of his chosen forum, the court found that the trial court abused its discretion in granting the defendant's motion to transfer. Guerine, 198 Ill. 2d at 526.

Keeping these principles in mind, we now address the merits of Raymond's appeal. We turn first to Raymond's argument that the private interest factors strongly support a transfer in this case, addressing the first such factor: the convenience of the parties.

Initially, we note that Raymond failed to provide the transcripts of the hearing on its motion to transfer or a suitable alternative pursuant to Supreme Court Rule 323 (210 Ill. 2d R. 323). As the appellant, Raymond "has the burden to present a sufficiently complete record of the

1-07-1666

proceedings [in the trial court] to support a claim of error." Foutch v. O'Bryant, 99 Ill. 2d 389, 391 (1984). In the absence of such a record, we will presume that the trial court "had a sufficient factual basis for its holding and that its order conforms with the law." Corral v. Mervis Industries, Inc., 217 Ill. 2d 144, 157 (2005). Accordingly, we will resolve any doubts arising from the incompleteness of the record against Raymond. Foutch, 99 Ill. 2d at 392; Trogub v. Robinson, 366 Ill. App. 3d 838, 843 (2006).

Raymond first asserts that it "need not show that the plaintiff's choice of forum is inconvenient." We disagree. In Lagenhorst, the supreme court clarified the showing that a defendant must make to be awarded a transfer pursuant to the doctrine of forum non conveniens, stating: "The defendant must show that the plaintiff's chosen forum is inconvenient to the defendant and that another forum is more convenient to all parties." Langenhorst, 219 Ill. 2d at 444.

Although Raymond concedes that "[a] trial in Cook County would be no more convenient to Raymond and Caterpillar, Inc., than a trial in Kane County," it argues that a transfer in this case is warranted because it would prove more convenient for Ammerman. Specifically, Raymond notes that Ammerman lives in Kendall County, which is adjacent to Kane County, and accordingly is closer to Kane County than to Cook County, Ammerman's chosen forum. Ammerman, in turn, responds that Cook County is not an inconvenient forum because Raymond has litigated in Cook County in the past. Moreover, Ammerman contends that Raymond may not satisfy this factor by arguing that a transfer would be more convenient for her.

14

Initially, we find that Ammerman's argument that a defendant's prior litigation experience in the county in which the plaintiff filed suit is indicative of the county's convenience lacks merit. We have previously held that the supreme court has "never stated that such a factor could be considered in the analysis" of a forum non conveniens motion. See Kahn v. Enterprise Rent-A-Car Co., 355 Ill. App. 3d 13, 23 (2004) (rejecting the plaintiff's argument that the defendant's "status as a plaintiff in previous lawsuits in Cook County," plaintiff's chosen forum, was a relevant consideration). Moreover, we find that consideration of such a factor would be improper because forum non conveniens claims are heavily dependent upon the facts of each case and accordingly "must be decided pursuant to an 'individualized, case-by-case consideration of convenience and fairness.' " Gridley, 217 Ill. 2d at 168, quoting Van Dusen v. Barrack, 376 U.S. 612, 622, 11 L. Ed. 2d 945, 953, 84 S. Ct. 805, 812 (1964). Indeed, as Raymond correctly observes, Ammerman "has made no attempt to discern whether those [prior] lawsuits involved accidents or other matters which arose in Cook County, whether they involved Cook County plaintiffs, or whether they involved Cook County witnesses." Accordingly, we do not find the fact that Raymond has litigated previous claims in Cook County supports the conclusion that Cook County is necessarily the most appropriate and convenient forum in this case.

However, we do agree with Ammerman that Raymond may not assert that a transfer would result in more convenience to her to satisfy this particular private interest factor. See Langenhorst, 219 Ill. 2d at 448, quoting Guerine, 198 Ill. 2d at 518 (" 'defendants cannot assert that the plaintiff's chosen forum is inconvenient to the plaintiff' ").

We do note, however, that Caterpillar, the other named defendant in Ammerman's

1-07-1666

lawsuit, did not object to Ammerman's choice of forum and did not file a motion to transfer. Moreover, because Raymond is headquartered in New York and has no offices or employees in Cook County, any corporate representatives traveling to Illinois will have to pass through Cook County to litigate in Kane County. Guerine, 198 Ill. 2d at 524. In light of Raymond's concession that litigation in Cook County would be no more convenient to it than litigation in Kane County, and our review of other relevant considerations, we do not find that this factor weighs in favor of transfer.

We next consider the parties' ease of access to witnesses and evidence. With respect to this factor, Raymond asserts that "it will be easier to obtain access to testimonial, documentary, and real evidence in Kane County," because the accident occurred in Kane County and Joe Peaches, the sole eyewitness to Ammerman's accident, resides in Kane County. Although Raymond concedes that the remaining witnesses reside outside Kane County, it nonetheless argues that they reside closer to Kane County than to Cook County. Ammerman, in turn, responds that the "the vast differences in each individual's location calls for an easily accessible, centrally located forum, which in this case, is clearly Cook County."

Thus far, only seven specific witnesses have been identified by the parties and they are all Export Packaging employees, who reside in various counties in Illinois including Carroll, Rock Island, Bureau, and Kendall Counties, as well as in Iowa. Joe Peaches, the sole eyewitness to Ammerman's accident, resides in Kane County. Raymond has not yet identified any witnesses who would be prepared to offer testimony concerning the design and manufacture of the allegedly defective forklift. Nonetheless, in addition to these seven specific witnesses, the parties

16

1-07-1666

have indicated that various other unnamed persons likely have knowledge of Ammerman's accident, including members of the Montgomery police department and the Oswego fire department, located in Kane County and Kendall County, respectively, as well as various medical personnel from the Rush-Copley Medical Center and the Dreyer Medical Clinic located in Kane County, and the Loyola Medical Center located in Cook County.

Raymond, however, citing Bland v. Norfolk & Western Ry. Co., 116 Ill. 2d 217 (1987), and Kahn, asserts that the fact that Ammerman received the majority of her medical treatment in Cook County "is not a relevant consideration in this [c]ourt's forum non conveniens analysis" because this case does not involve claims of medical malpractice.

Although we recognize that the testimony of a plaintiff's treating physician is not "at the heart of the issue" in cases that do not involve medical malpractice claims (Kahn, 355 Ill. App. 3d at 26), our supreme court in Bland, did not, as Raymond asserts, hold that the location of the plaintiff's treatment facility or treating physician is completely irrelevant in non-medical-malpractice cases when evaluating a motion to transfer based on forum non conveniens principles; rather, the court stated that in reviewing motions to transfer filed in such cases, courts "should be cautious *** *not to give undue weight* to the fact that a plaintiff's treating physician or expert has an office in the plaintiff's chosen forum." (Emphasis added.) Bland, 116 Ill. 2d at 227. Accordingly, the fact that Ammerman received the majority of her treatment in Cook County is not completely irrelevant. We simply may not afford it undue weight.

Although we note that neither of the parties has provided the specific names and

17

1-07-1666

residences of the police, fire, and medical employees (see Langenhorst, 219 Ill. 2d at 448; Kahn, 355 Ill. App. 3d at 25-26), we find it notable that, like the movants in Langenhorst, Raymond failed to provide affidavits from any of the identified witnesses stating that Cook County is an inconvenient forum. Langenhorst, 219 Ill. 2d at 450. Raymond also failed to raise any argument in its opening brief that trial in Cook County would in any way impair its ability to access documentary or real evidence, although it did note in its reply brief that documentary evidence pertaining to Ammerman's employment with Export Packaging is not located in Cook County. Notwithstanding waiver of this argument (see 210 Ill. 2d R. 341(h)(7)), we note that the location of documentary evidence has become less significant because today's technology allows documents to be copied and transported easily and inexpensively. See Woodward, 368 Ill. App 3d at 847-48. Finally, although not acknowledged by Raymond, we note that Raymond's and Ammerman's attorneys both have offices in Cook County and would be required to travel from their Chicago offices to try this case in Kane County if transfer were allowed. See Langenhorst, 219 Ill. 2d at 450 (recognizing that although "the location of the parties' attorneys is accorded little weight," when reviewing a motion to transfer, it may nonetheless be considered); Guerine, 198 Ill. 2d at 524 (same).

We turn now to the final private interest factor, which involves an evaluation of all factors that make a trial easy, expeditious, and inexpensive. The primary argument that Raymond advances to satisfy this factor is that a jury view would be more convenient for a Kane County jury as opposed to a Cook County jury because Kane County is where Ammerman's accident occurred.

18

Although it is the possibility, rather than the necessity, of a jury view that is important (see Dawdy, 207 Ill. 2d at 178), the importance of this factor diminishes due to the fact that this case primarily concerns a products liability claim because jury views of the accident site are not generally necessary in such cases. See Guerine, 198 Ill. 2d at 525 (holding that it "fail[ed] to see how a jury view of the accident site will be necessary" to resolve a products liability claim); see also Hinshaw, 319 Ill. App. 3d at 277; Brown, 374 Ill. App. 3d at 533-34. Moreover, we note that Ammerman's accident occurred on a movable forklift, and accordingly, it may be transported to Cook County should the jury need to view it. See, e.g., Brown, 374 Ill. App. 3d at 534 (recognizing that because the plaintiff's accident occurred on a movable auto-hauling trailer, it could be brought to the jury to view).

After reviewing the private interest factors, we conclude that Raymond failed to show that any of these factors weigh strongly in favor of a transfer in this case. We now address the public interest factors.

With respect to the first public interest factor, which concerns having local interests resolved locally, Raymond first asserts that Cook County has no significant interest in resolving a controversy involving an accident that occurred in Kane County to a Kendall County plaintiff when minimal witnesses reside in Cook County. Accordingly, Raymond maintains that it would be unfair to impose jury duty on Cook County residents. Ammerman responds that Cook County does have an interest in resolving a dispute concerning the "quality and safety of [a corporation's] products" when that corporation conducts business in Cook County. Accordingly, she asserts that "Cook County residents clearly have an interest in this litigation and

19

would not be burdened by trial of this case in this county."

Initially, we note that "[m]erely conducting business *** does not affect the <u>forum</u> <u>non</u> <u>conveniens</u> issue." <u>Dawdy</u>, 207 Ill. 2d at 182; see also <u>Gridley</u>, 217 Ill. 2d at 172 ("the fact that a corporation does business within a county in Illinois does not affect the <u>forum</u> <u>non</u> <u>conveniens</u> analysis"). However, we note that this case involves questions of products liability, and accordingly, the fact that Ammerman's accident occurred in Kane County as opposed to Cook County is of less significance because products liability cases have broader implications. <u>Guerine</u>, 198 Ill. 2d at 524-25; <u>Hinshaw</u>, 319 Ill. App. 3d at 278. Indeed, Cook County certainly has an interest in resolving a controversy concerning the sale of an allegedly defective product by companies conducting business in its forum. Moreover, we note that Caterpillar, the other corporate defendant, has a registered agent in Cook County, and thus, Cook County has an interest in deciding a controversy involving one of its residents. See <u>Langenhorst</u>, 219 Ill. 2d at 451. It thus follows that jurors residing in Cook County have an interest in hearing and resolving such a claim.

With respect to court congestion, we note that this factor, "by itself, is relatively insignificant" (<u>Dawdy</u>, 207 Ill. 2d at 181); however, we note that Raymond failed to discuss this issue in its opening brief. See 210 Ill. 2d. R. 341(h)(7) (points not argued in appellant's opening brief are waived and "shall not be raised in the reply brief"). Nonetheless, in its reply brief, Raymond cites our recent decision in <u>Smith v. Jewel Food Stores, Inc.</u>, 374 Ill. App. 3d 31, 35 (2007), where we affirmed a trial court's order granting the defendant's motion to transfer the case from Cook County to Kendall County, after recognizing that the congestion of Cook County

courts was a "great concern." However, Raymond discusses no evidence and offers no arguments comparing the dockets of Cook and Kane Counties. See Woodward, 368 Ill. App. 3d at 836. We reiterate that it is Raymond's burden to prove that the factors strongly favor transfer. Langenhorst, 219 Ill. 2d at 450; Guerine, 198 Ill. 2d at 518.

Based on our review of the record as well as the private and public interest factors, we conclude that the trial court did not abuse its discretion in denying Raymond's motion to transfer. Raymond did not satisfy its burden of showing that Kane County is a more convenient forum. Notably, Raymond conceded that trial in Cook County would be no more convenient than trial in Kane County and failed to file affidavits from any witnesses indicating that trial in Cook County would result in inconvenience to them. See Langenhorst, 219 Ill. 2d at 450. Moreover, our review has revealed that the various witnesses in this case reside in different counties scattered throughout Illinois and Iowa and no single county has a predominant connection to the litigation in this case. See Langenhorst, 219 Ill. 2d at 453 (upholding the trial court's denial of a motion to transfer the case to an adjacent county because the potential trial witnesses were scattered and no single county enjoyed a predominant connection to the litigation); Guerine, 198 Ill. 2d at 526 (same); Hinshaw, 319 Ill. App. 3d at 277-78 (same).

Accordingly, we affirm the judgment of the trial court.

Affirmed.

QUINN, P.J., and THEIS, J., concur.

1-07-1666