# ILLINOIS OFFICIAL REPORTS

## Appellate Court

*Pendergast v. Meade Electric Co.*, 2013 IL App (1st) 121317

| | |
|---|---|
| Appellate Court Caption | THOMAS PENDERGAST, as Executor of the Estate of LISA RICHTER, Deceased, Plaintiff-Appellee, v. MEADE ELECTRIC COMPANY, INC., an Illinois Corporation; THORNE ELECTRIC, INC., an Illinois Corporation; ECONOLITE GROUP, INC., a California Corporation, d/b/a Econolite Group Company, Econolite Control Products, Inc., and Econolite; ALEX P. DYCHE, Individually; and OLSSON ROOFING COMPANY, INC., an Illinois Corporation, Defendants-Appellants (Metro Transportation Group, Inc., an Illinois Corporation, and Traffic Control Corporation, an Illinois Corporation, Defendants).–ROBERT R. LEATHERS, Plaintiff-Appellee, v. ALEX P. DYCHE, Individually; OLSSON ROOFING COMPANY, INC., an Illinois Corporation; MEADE ELECTRIC COMPANY, INC., an Illinois Corporation; THORNE ELECTRIC, INC., an Illinois Corporation; and ECONOLITE GROUP, INC., a California Corporation, d/b/a Econolite Group Company, Econolite Control Products, Inc., and Econolite, Defendants-Appellants (Traffic Control Corporation, an Illinois Corporation; Metro Transportation Group, Inc., an Illinois Corporation; and Thomas Pendergast, Executor of the Estate of Lisa Richter, Deceased, Defendants). |
| District & No. | First District, Second Division<br>Docket No. 1-12-1317 |
| Filed | August 27, 2013 |

| | |
|---|---|
| Held<br><br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In two actions filed in Cook County arising from a traffic accident that occurred in Kendall County, the trial court did not abuse its discretion in denying a motion to transfer both cases to Kendall County based on the doctrine of *forum non conveniens,* since only two of the relevant factors favored a transfer, but due to the passage of more than 30 days from the trial court's order transferring third-party claims to Kendall County, the appellate court lacked jurisdiction to consider that issue. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, Nos. 10-L-4072, 10-L-4075; the Hon. James N. O'Hara, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Steven E. Danekas and Catherine Basque Weiler, both of Swanson, Martin & Bell, LLP, Francis J. Marasa, of Marasa & Lewis, Jeremiah P. Connolly, of Bollinger Connolly Krause LLC, and Joseph B. Carini III, of Johnson & Bell, Ltd., all of Chicago, for appellants.<br><br>Scott R. Clewis, of Law Offices of Thomas J. Popovich, PC, and Martin Healy, Jr., David Huber, and Dennis M. Lynch, all of Healy Law Firm, both of Chicago, for appellees. |
| Panel | JUSTICE CONNORS delivered the judgment of the court, with opinion.<br>Justices Quinn and Simon concurred in the judgment and opinion. |

**OPINION**

¶ 1    Following a traffic accident, plaintiff Robert Leathers initially filed a negligence action in the circuit court of Kendall County. Lisa Richter was killed in that accident and plaintiff Thomas Pendergast, as executor of her estate, filed a wrongful death and survival action in the circuit court of Cook County. Leathers then voluntarily dismissed the Kendall County action and refiled his action in Cook County, adding new defendants. Several defendants moved to transfer both actions to Kendall County under the doctrine of *forum non conveniens*. The circuit court of Cook County denied the motion. Defendants now appeal,

arguing that the court's decision was an abuse of discretion. They also contend that the court abused its discretion in severing third-party claims against the County of Kendall and transferring them back to the circuit court of Kendall County. For the following reasons, we affirm.

¶ 2                                    BACKGROUND

¶ 3        Lisa Richter, a resident of Oswego, Kendall County, was driving eastbound on Lewis Street in Oswego, Kendall County, when her car collided with a truck driven by defendant Alex Dyche of Montgomery, Kendall County, allegedly while he was in the course of his employment with defendant Olsson Roofing Company, of neighboring Kane County. Richter was killed instantly and her passenger, plaintiff Robert Leathers, who also lived in Kendall County at the time, was injured. Shortly thereafter, Leathers filed a negligence action in Kendall County against Dyche and Olsson.

¶ 4        Richter's mother initially was appointed as the administrator of her estate, which was probated in Kendall County. About a year after the accident, the probate court granted an emergency motion to substitute Richter's uncle, plaintiff Thomas Pendergast, as the administrator of her estate. The same day, Pendergast, of Tinley Park, Cook County, filed the instant lawsuit on Richter's behalf in Cook County. Pendergast asserted wrongful death and survival claims which pleaded negligence against defendants Meade Electric Company, Thorne Electric, Metro Transportation Group, and Traffic Control Corporation for their allegedly negligent design of the traffic signal system at the intersection where the accident occurred. He also asserted negligence claims against Dyche and Olsson. Additionally, Pendergast asserted products liability claims in negligence and strict liability against defendant Econolite for its allegedly faulty design and manufacture of the traffic signal equipment used at the intersection.

¶ 5        At about the same time, Leathers voluntarily dismissed his complaint in Kendall County and refiled in Cook County. In his new lawsuit, Leathers reasserted his negligence claims against Dyche and Olsson and added claims against Meade, Thorne, Metro Transportation Group, and Traffic Control Corporation. He asserted the same products liability claims against Econolite and Atlantic Scientific, which made component parts for the traffic signals. Additionally, Leathers included a negligence claim against Richter.

¶ 6        Dyche and Olsson then filed motions to transfer both actions to Kendall County pursuant to the doctrine of *forum non conveniens*. They argued that this litigation has no meaningful connection to Cook County and that Kendall County is a more appropriate venue. Specifically, they argued that Kendall County was more convenient for most of the parties and that witnesses and evidence were located in or near Kendall County. The accident occurred in Kendall County between three Kendall County residents. The two known witnesses to the accident were residents of Kendall County and La Salle County, which is adjacent to Kendall County. The Oswego fire department responded to the accident and transported Leathers to a Kane County hospital. The Kendall County coroner investigated Richter's death. The Oswego police department investigated the accident and conducted an accident reconstruction.

¶ 7        Dyche and Olsson argued that although a plaintiff's choice of venue ordinarily is entitled to great weight, less deference is given to that decision when the plaintiff's choice is not the site of the accident or the county in which he resides. Thus, they argued that the accident did not occur in Cook County; that Leathers' choice of venue is not entitled to deference because he does not live in Cook County; and that Pendergast is a nominal plaintiff whose residence is immaterial for determining the appropriate venue. Additionally, they argued that Cook County was not Leathers' first choice of venue and is entitled to less deference.

¶ 8        Dyche and Olsson asserted that of the defendants, Meade has offices in northern Illinois, southern Wisconsin, and northwest Indiana; Thorne is located in Carol Stream, Du Page County; Traffic Control Corporation has offices across the Midwest, including its corporate headquarters in Woodridge, Du Page County; and Econolite is a California corporation. They contend that only Metro Transportation has offices in Chicago and Hoffman Estates, Cook County, but the fact that it "merely conduct[s] business" in Cook County "does not affect the *forum non conveniens* issue."

¶ 9        Moreover, they argued that the public interest considerations weighed in favor of litigating the case in Kendall County. They contend that Kendall County has a strong interest in deciding this dispute, which involves injuries sustained by its residents in an accident occurring within its boundaries, and it would be unfair to burden Cook County and its potential jurors with resolving a case in which it has no interest. Thorne joined Dyche and Olsson's motion.

¶ 10       Meade also filed a motion to transfer. It admitted that its principle place of business is in Cook County and it represented that Traffic Control Corporation "has a place of business in" Cook County. Nevertheless, it argued that the alleged liability in this case arose out of work it performed in Kendall County, making the latter the more appropriate venue. Econolite joined Meade's motion. Neither Metro Transportation Group nor Traffic Control Corporation contested venue.

¶ 11       Leathers and Pendergast filed briefs in response, challenging transfer to Kendall County. They each attached copies of the defendants' *forum non conveniens* interrogatories and admissions to support their arguments.

¶ 12       Dyche and Olsson filed a reply brief to which they attached plaintiffs' answers to the defendants' requests for admissions and affidavits of seven potential witnesses attesting that it would be inconvenient and burdensome for them to travel to Cook County to testify at trial. Meade also filed a reply brief in which it argued that it had no relationship to the accident and that it was named as a defendant "for the sole purpose of circumventing the *forum non conveniens* motion." It attached the deposition of an employee of the Kendall County Highway Department to support its argument.

¶ 13       At about the same time that Dyche and Olsson filed their motions to transfer, they also filed third-party contribution claims against the County of Kendall (County) in Leathers' case and in Pendergast's case. The County then moved to transfer the third-party claims to the circuit court of Kendall County pursuant to section 2-103(a) of the Code of Civil Procedure (Code) (735 ILCS 5/2-103(a) (West 2010)). It argued that section 2-103(a) required that any action brought against a governmental corporation must be brought in the county in which

its principal office is located.

¶ 14     Dyche and Olsson stated that they had "no grounds to object to [the County's] motion to transfer." However, in the interest of judicial economy, they requested that the court either grant their pending motions to transfer the entire action to the circuit court of Kendall County or defer ruling on the County's motion until their other motions to transfer have been decided. In its reply brief, the County argued that the plaintiffs' cases should be heard in Cook County, but that the third-party claims against it should be severed and transferred to the circuit court of Kendall County.

¶ 15     On September 8, 2011, the circuit court granted the County's motion, severed the third-party claims, and transferred them to the circuit court of Kendall County. No petition for leave to appeal was filed following entry of that order.

¶ 16     On April 5, 2012, the circuit court entered a case management order setting a date for a status hearing on the remaining claims and also stating, "Defendants' motions to transfer for *forum non conveniens* are all denied. 14 days to propound discovery on Metro Transportation's motion for summary judgment. Status on pleadings and discovery." Dyche and Olsson, Thorne, Meade, and Econolite (collectively, defendants) filed a timely petition for leave to appeal that order pursuant to Illinois Supreme Court Rule 306(a)(2) (eff. Feb. 26, 2010), which this court granted.

¶ 17                                    ANALYSIS

¶ 18     In Illinois, an action must be commenced in: (1) the county of residence of any defendant who is joined in good faith; or (2) the county in which the cause of action arose. *Dawdy v. Union Pacific R.R. Co.*, 207 Ill. 2d 167, 172 (2003); 735 ILCS 5/2-101 (West 2010). If more than one appropriate forum exists, a defendant may invoke the doctrine of *forum non conveniens* to determine which forum is most appropriate. *Dawdy*, 207 Ill. 2d at 172. The doctrine permits the court in which the action was filed to decline jurisdiction and direct the lawsuit to an alternative forum that the court determines can better serve the convenience of the parties and the ends of justice. *Dawdy*, 207 Ill. 2d at 172.

¶ 19     In making its determination as to the appropriate forum in which the case should be tried, the court must balance certain private and public interest factors. *Dawdy*, 207 Ill. 2d at 172. Private interest factors include: the convenience of the parties; the relative ease of access to sources of evidence; the availability of compulsory process to secure attendance of unwilling witnesses; the cost to obtain attendance of willing witnesses; the possibility of viewing the premises, if appropriate; and all other practical considerations that make a trial easy, expeditious, and inexpensive. *Dawdy*, 207 Ill. 2d at 172. Public interest factors include: the administrative difficulties caused by litigating cases in congested forums; the unfairness of imposing jury duty on residents of a county with no connection to the litigation; and the interest in having local controversies decided locally. *Dawdy*, 207 Ill. 2d at 173.

¶ 20     Significantly, the court must also consider the plaintiff's choice of forum. A plaintiff's right to select the forum is substantial and is entitled to deference. *Dawdy*, 207 Ill. 2d at 173. The plaintiff's choice of forum should not be disturbed unless the factors weigh strongly in favor of transfer. *Dawdy*, 207 Ill. 2d at 173.

¶ 21    However, the plaintiff's choice of forum is not entitled to such deference in all cases. *Dawdy*, 207 Ill. 2d at 173. When a plaintiff chooses to litigate his cause of action in his home forum or in the forum in which his accident or injury occurred, it is reasonable to assume that the forum was chosen for reasons of convenience. *Dawdy*, 207 Ill. 2d at 173. However, when the plaintiff is foreign to his chosen forum or the events that gave rise to the litigation did not occur in that forum, that assumption is less reasonable and his choice is afforded less deference. *Dawdy*, 207 Ill. 2d at 173-74. In fact, our supreme court has said that under those circumstances, it is instead reasonable to conclude that the plaintiff engaged in forum shopping to suit his individual interests, which is disfavored. *Dawdy*, 207 Ill. 2d at 174.

¶ 22    Thus, in ruling on a motion to transfer, the circuit court must take all of these factors into account and give each factor proper deference or weight under the circumstances. *Dawdy*, 207 Ill. 2d at 176 (quoting *Griffith v. Mitsubishi Aircraft International, Inc.*, 136 Ill. 2d 101, 107-08 (1990)). The circuit court must evaluate the total circumstances of the case to determine whether the balance of factors strongly favors dismissal. *Fennell v. Illinois Central R.R. Co.*, 2012 IL 113812, ¶ 17. Accordingly, the determination of a *forum non conveniens* motion lies within the sound discretion of the circuit court. *Dawdy*, 207 Ill. 2d at 176. The court's decision will only be reversed if it can be shown that it "abused its discretion in balancing the relevant factors," meaning that no reasonable person would take the view adopted by the court. *Fennell*, 2012 IL 113812, ¶ 21; *Dawdy*, 207 Ill. 2d at 177.

¶ 23    The parties did not explicitly indicate whether the circuit court held a hearing on the motions to transfer. In their brief, defendants represented that "the circuit court orally denied all of the motions to transfer. The circuit court did not issue a written ruling." Plaintiffs represented that the circuit court denied the motions "after a full course of briefing." Both parties cite to the April 5, 2012, case management order, which simply states that "[d]efendants' motions to transfer for *forum non conveniens* are all denied."

¶ 24    We ordered the parties to submit supplemental briefs addressing whether this court could review the circuit court's balancing of the public and private interest factors without a written order or hearing transcript setting forth the manner in which the court balanced those factors. Our concern is that on the one hand, our supreme court recently reiterated its admonition to circuit courts to "include *all* of the relevant private and public interest factors in their analyses." (Emphasis in original.) *Fennell*, 2012 IL 113812, ¶ 24 (citing *First American Bank v. Guerine*, 198 Ill. 2d 511, 520-21 (2002) (urging trial courts to "leave a better record of their analyses" when ruling on *forum non conveniens* motions to "allow our appellate court to make informed decisions on Rule 306(a)(2) petitions")). In *Fennell*, the circuit court issued a written ruling containing its analysis of some, but not all, of the public and private interest factors. *Fennell*, 2012 IL 113812, ¶ 24. However, as defendants note, the supreme court did not hold that omitting factors from the analysis necessarily results in reversal. Rather, in that case, after admonishing the circuit court, it reviewed the circuit court's analysis of the factors that were addressed in the order and reversed the court on the merits. *Fennell*, 2012 IL 113812, ¶ 24.

¶ 25    On the other hand, this court long ago held that an appellant's failure to include a transcript of the hearing on the motion to transfer did not preclude appellate review. *Walker v. Iowa Marine Repair Corp.*, 132 Ill. App. 3d 621, 626 (1985); see also *DeVries v. Bankers*

*Life Co.*, 128 Ill. App. 3d 647, 650 (1984). The *Walker* court concluded:

> "The fact that the trial court may have espoused certain reasons for its order not appearing on the face of the [complaint, answer, affirmative defense, motion to transfer, and supporting affidavits] does not support the necessity of a transcript on appeal where, as here, the record contains everything that was presented to the judge in support of or in opposition to the motion." *Walker*, 132 Ill. App. 3d at 626.

However, this reasoning suggests that the appellate court may disregard the circuit court's rationale in ruling on motions to transfer and conduct an independent review of the motions presented below, as we would do if applying *de novo* review. That runs counter to the well-established legal proposition that when reviewing a decision on a motion to transfer for *forum non conveniens*, we must evaluate whether the circuit court "abused [its] discretion in *weighing* the relevant considerations." (Emphasis added.) *Meyers v. Bridgeport Machines Division of Textron, Inc.*, 113 Ill. 2d 112, 118 (1986) (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 257 (1981)); see also *Fennell*, 2012 IL 113812, ¶ 21; *Dawdy*, 207 Ill. 2d at 177.

¶ 26       Although it would be beneficial to remand the matter to the circuit court with instructions to provide its analysis of the public and private interest factors, we lack a clear directive from the supreme court to do so. See *Fennell*, 2012 IL 113812, ¶ 75 (Kilbride, C.J., dissenting upon denial of rehearing) (noting that "[t]he trial court's exercise of its discretion cannot be reviewed adequately when several of the *forum non conveniens* factors are not included in the analysis" and suggesting that remand is appropriate under these circumstances). Accordingly, we will undertake our review of the court's decision to deny the motion to transfer as we have done in the past. *Ammerman v. The Raymond Corp.*, 379 Ill. App. 3d 878, 887-88 (2008). That is, we will endeavor to analyze the factors based on the "undisputed" facts, as defendants characterize them. Where any doubts arise due to the incompleteness of the record, we will resolve them against defendants, who bear the burden of presenting us with a sufficiently complete record to support their claim of error. *Ammerman*, 379 Ill. App. 3d at 888.

¶ 27       We begin with the presumption that a plaintiff's choice of forum is entitled to deference and must not be disturbed unless the other factors strongly favor transfer. *Dawdy*, 207 Ill. 2d at 173. As noted above, a plaintiff's choice of forum is entitled to somewhat less deference if it is neither his place of residence nor the place where the injury occurred. *Langenhorst v. Norfolk Southern Ry. Co.*, 219 Ill. 2d 430, 442-43 (2006). Here, Pendergast is a resident of Cook County and filed his original cause of action in Cook County. Although defendants contend that Pendergast's status as the administrator of Richter's estate makes him a "nominal plaintiff" whose residence is inconsequential for purposes of honoring choice of forum, that argument has been rejected by this court. *Glass v. DOT Transportation, Inc.*, 393 Ill. App. 3d 829, 834 (2009).

¶ 28       Leathers was a resident of Kane County when he filed his lawsuit. Additionally, his first choice of forum was Kendall County, where the accident occurred, which diminishes the degree of deference accorded to him in this analysis. *Fennell*, 2012 IL 113812, ¶ 25. However, that does not mean his choice deserves no deference. *Ammerman*, 379 Ill. App. 3d at 885 (quoting *Guerine*, 198 Ill. 2d at 518). Indeed, Leathers only dismissed his original

lawsuit and refiled in Cook County after Pendergast filed his action in Cook County, which could be interpreted as forum shopping, as defendants suggest, or merely an appreciation for judicial economy. The record does not indicate the degree to which the circuit court deferred to the plaintiffs' choice of forum. Consequently, we must construe this factor against defendants and presume that on the whole, plaintiffs' choice of forum is entitled to deference. *Ammerman*, 379 Ill. App. 3d at 888.

¶ 29    In light of that, defendants must demonstrate that the other factors strongly favor transfer. *Dawdy*, 207 Ill. 2d at 173. This high burden comports with the supreme court's directive that a case should be transferred only under "*exceptional circumstances* when it has been shown that the interests of justice require a trial in a more convenient forum." (Emphasis in original and internal quotations marks omitted.) *Guerine*, 198 Ill. 2d at 520.

¶ 30    The first private interest factor considers the convenience of the parties. Here, defendants must show that the plaintiffs' chosen forum is inconvenient to them and that another forum is more convenient to all parties. *Ammerman*, 379 Ill. App. 3d at 888. However, they cannot assert that plaintiff's chosen forum is inconvenient for plaintiff. *Ammerman*, 379 Ill. App. 3d at 889 (citing *Langenhorst*, 219 Ill. 2d at 448).

¶ 31    Of the defendants, Meade indicated in its answers to interrogatories that it resides in McCook, Illinois, which is in Cook County. Metro Transportation has headquarters in Cook County, and in the court below, several of the defendants conceded that Traffic Control is considered a Cook County resident. Thorne is located in Du Page County. Econolite is located in California. Dyche resides in Kendall County and Olsson is located in Kane County. Dyche and Olsson's president and chief executive officer, William Lynch, were the only defendants who submitted affidavits stating that Cook County would be an inconvenient forum for them and Kendall County would be more convenient. However, three defendants are residents of Cook County and two defendants (Metro Transportation and Traffic Control) did not object to proceeding in Cook County. The remaining two defendants reside in counties other than Kendall. Thus, on the whole, defendants have not demonstrated that Kendall County is more convenient to all parties.

¶ 32    Next, we consider the relative ease of access to testimonial, documentary, and other evidence. In their answers to interrogatories, plaintiffs identified potential witnesses who would testify at trial. Cheryl Alexander, of Kendall County; Gary Balzarini, of La Salle County; Brayden Dyche, of Kendall County; Leathers; and Dyche were identified as eyewitnesses to the accident. Plaintiffs also identified six Oswego police officers, five paramedics with the Oswego fire department, the Kendall County coroner, and two engineers from Kendall County as potential witnesses. Additionally, Leathers indicated that he has seen two doctors in Aurora, Illinois, and three other doctors whose locations were not identified, for injuries he suffered in the accident. Six of these potential witnesses submitted affidavits stating that it would be inconvenient and burdensome to travel to Cook County to testify in this case. Nevertheless, they are amenable to compulsory process and can appear in Cook County, notwithstanding the relatively minor expense involved in appearing to testify on a particular day. On the other hand, defendants listed their corporate officers as people with knowledge of this case, who reside in several different counties and California, as noted above. Nevertheless, the preponderance of witnesses reside in or near Kendall County.

Additionally, defendants note that the equipment at issue is stored in Kendall County, making it easier to transport to a Kendall County courtroom. On balance, this factor weighs in favor of transfer. See *Dawdy*, 207 Ill. 2d at 178.

¶ 33    In considering the other factors that make a trial easy, expeditious and inexpensive, we acknowledge that the accident took place in Kendall County and that, in the event that a court later determined that it was necessary to view the accident site, it would be more convenient for a Kendall County jury to do so. Nevertheless, the importance of these factors diminishes where, as here, the case concerns products liability claims because "any local interest is largely supplanted by a more general interest in resolving a claim concerning an allegedly defective product [making] jury views of the accident site *** generally unnecessary." *Ammerman*, 379 Ill. App. 3d at 886; *Guerine*, 198 Ill. 2d at 525. Pendergast and Leathers asserted products liability claims against Econolite claiming that it negligently designed and manufactured the traffic signal equipment used at the accident location and that it should be strictly liable for plaintiffs' injuries. Moreover, while also entitled to less weight, it is worth considering that all of plaintiffs' and defendants' attorneys are located in Cook County and would be required to travel to Kendall County every day to attend trial. *Ammerman*, 379 Ill. App. 3d at 891. Thus, we cannot say that this factor strongly favors transfer.

¶ 34    Turning to the public interest factors, we first consider the interest in having local controversies decided locally. As stated above, because this case involves products liability claims, the location of the accident is less significant because defective products in the stream of commerce can affect the residents of many counties. *Ammerman*, 379 Ill. App. 3d at 892. For the same reason, it is not unfair to impose jury duty on the residents of Cook County because they are as likely to be affected by the allegedly faulty products at issue in this case as Kendall County residents. *Ammerman*, 379 Ill. App. 3d at 892. Additionally, three of the defendants are residents of Cook County and, thus, Cook County has an interest in deciding controversies involving its residents. *Ammerman*, 379 Ill. App. 3d at 892. Thus, these factors do not strongly favor transfer.

¶ 35    The final public interest factor considers the relative congestion of the two court systems. However, this factor, " 'by itself, is relatively insignificant.' " *Ammerman*, 379 Ill. App. 3d at 892 (quoting *Dawdy*, 207 Ill. 2d at 181). Nevertheless, defendants submitted caseload statistics showing that Cook County is a more congested venue than Kendall County. In 2009, Kendall County had less than 10,000 cases pending whereas Cook County had over 925,000, which favors transfer to Kendall County.

¶ 36    We reiterate that we lack any information about how the circuit court balanced the private and public interest factors on the whole. However, in light of the fact that only two of the six factors could possibly be said to favor transfer to Kendall County, any reasonable person would conclude that defendants have failed to satisfy their burden of showing that the factors strongly favor transfer. See *Dawdy*, 207 Ill. 2d at 173. Nor would any reasonable person conclude that these circumstances are so exceptional that the interests of justice require transfer to Kendall County. See *Guerine*, 198 Ill. 2d at 520. Accordingly, we cannot say that the circuit court abused its discretion in denying the motion. *Fennell*, 2012 IL 113812, ¶ 21; *Dawdy*, 207 Ill. 2d at 177.

¶ 37    Defendants also argue on appeal that the circuit court abused its discretion when it severed the third-party claims against the County and transferred them to the circuit court of Kendall County, while retaining jurisdiction over the remaining claims. This argument comes notwithstanding defendants' representation in the circuit court that they had "no grounds to object to [the County's] motion to transfer." Nevertheless, we lack jurisdiction to review defendants' argument. Appeals taken from orders granting or denying motions to transfer must be filed within 30 days of entry of that order. Ill. S. Ct. R. 306(c)(1) (eff. Feb. 26, 2010). The time limit for filing a petition for leave to appeal is jurisdictional. *Kemner v. Monsanto Co.*, 112 Ill. 2d 223, 236 (1986). The circuit court granted the County's motion to transfer for *forum non conveniens* and entered its order on September 8, 2011. No petition for leave to appeal was filed within 30 days of that order. The petition for leave to appeal in this case was filed on March 7, 2012, well beyond the 30-day period allowed to file a petition addressing the court's September 8, 2011, ruling. Accordingly, we are without jurisdiction to consider that issue.

¶ 38    For the foregoing reasons, we affirm the order of the circuit court denying transfer pursuant to the doctrine of *forum non conveniens*.

¶ 39    Affirmed.